30 C.C.P.A.(Patents)

**STEINMAYER v. RAMSEY.**
Patent Appeal No. 4623.

Court of Customs and Patent Appeals.
Dec. 1, 1942.

Rehearing Denied Jan. 29, 1943.

Charles W. Hills, Jr., Charles F. Meroni,
and Chester W. Brown, all of Chicago, Ill.,
for appellant.

Brown, Jackson, Boettcher & Dienner, of Chicago, Ill. (John A. Dienner and Robert R. Lockwood, both of Chicago, Ill., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner of Interferences awarding priority of invention of the subject matter defined in the four counts in issue to appellee, Allan Ramsey.

The interference is between appellant's application, No. 753,358, filed November 16, 1934, and appellee's patent, No. 2,144,707, issued January 24, 1939, on an application filed July 22, 1937, which application was a division of appellee's application, No. 730,075, filed June 9, 1934, which matured into patent No. 2,108,993, February 22, 1938.

Appellant is the junior party, and the burden was upon him to establish priority of invention by a preponderance of the evidence.

On September 21, 1938, prior to the declaration of the involved interference and during the prosecution of appellee's application which matured into his involved patent, an interference (No. 76,255) was declared between appellant's application and the application of one Hugh A. Triplett. The motion period in that interference expired January 26, 1939. (As hereinbefore noted, appellee's involved patent issued January 24, 1939.) As a result of motions filed during the motion period, interference No. 76,255 was redeclared on August 9, 1939, and, on that date, interference No. 77,377 was declared between appellant's application and an application of one Siguard I. Lindell.

Appellant's application is owned by the Line Material Company of South Milwaukee, Wisconsin.

Appellee's patent, the application upon which it issued, and the applications of Triplett and Lindell are owned by a common assignee, Schweitzer & Conrad, Inc., of Chicago, Illinois.

On March 23, 1939, appellant Steinmayer copied the claims corresponding to the four counts in issue from appellee's patent, and requested that an interference be declared between his involved application and appellee's patent. In response to such request, the instant interference was declared on April 25, 1939. Thereafter, on July 5, 1939, during the motion period, appellant moved to dissolve the instant interference on the ground that as the common assignee of the Triplett application and appellee's application (now patent) failed to move during the motion period in interference No. 76,255 to add appellee's application or patent to that interference, in accordance with the provisions of rule 109 of the Rules of Practice in the United States Patent Office, 35 U.S.C.A.Appendix, it was estopped to contest, in the instant interference, the issue of priority of invention of the subject matter defined by the counts in issue.

The invention involved in the instant interference and that involved in interference No. 76,255 is a replaceable fuse link structure adapted to be positioned in a fuse cartridge which is used to protect a distribution line carrying electric current of high voltage from overloads. The counts in the two interferences differ merely in scope, those involved in the instant interference being broader than those in interference No. 76,255.

On July 10, 1939, the Examiner of Interferences notified the parties that appellant's motion to dissolve would not be set for hearing and that consideration thereof would be deferred until final hearing of the case on the merits. On August 7, 1939, appellant Steinmayer petitioned the Commissioner of Patents to direct the Examiner of Interferences to set the motion to dissolve for hearing before the Primary Examiner. That motion was denied by the commissioner on October 4, 1939.

Evidence was submitted by the parties concurrently in each of the three interferences hereinbefore referred to; i. e., the instant interference, the original interference (No. 76,255) between appellant Steinmayer's involved application and the Triplett application, and interference No. 77,377 between appellant's involved application and the application of Lindell. Decisions in the three interferences were rendered concurrently by the Examiner of Interferences, and also by the Board of Appeals. In interferences Nos. 76,255 and 77,377, priority of invention was awarded to Steinmayer by both the Examiner of Interferences and the Board of Appeals.

In the instant interference, appellant Steinmayer's motion to dissolve was denied and priority of invention awarded to appellee Ramsey by both those tribunals. An appeal was taken to this court by the party Triplett in interference 76,255 as to two counts only. Other counts involved in that interference and the counts in interference No. 77,377 were taken before the District Court of Illinois, Eastern Division, suit No. 3383, under the title Hugh A. Triplett, Siguard I. Lindell, and Schweitzer & Conrad, Inc. v. Line Material Company. In the case of Triplett v. Steinmayer, involving the two counts hereinbefore referred to, this court affirmed the decision of the Board of Appeals awarding priority of invention to the party Steinmayer. 129 F.2d 869, 29 C.C.P.A., Patents, 1243. (At the time of our decision in that case, the involved interference was pending in this court, and according to the brief of appellee, filed October 14, 1942, the case in the District Court of Illinois is still pending.)

In denying appellant's motion to dissolve the instant interference, the Examiner of Interferences held that the failure of the common assignee of the Triplett application and the Ramsey application (now patent) to move, in accordance with the provisions of rule 109, supra, to add the Ramsey application or patent to the original interference (No. 76,255) for the purpose of contesting with appellant the issue of priority of invention of the subject matter here involved, did not estop the common assignee from contesting such issue with appellant in another and subsequently declared interference; that as the original interference had not been terminated, the common assignee was not estopped by judgment; and that appellant had not been prejudiced in any way by the failure of the common assignee to comply with the provisions of rule 109, supra.

In affirming the decision of the Examiner of Interferences denying appellant's motion to dissolve the interference, the Board of Appeals, among other things, said:

"Here Ramsey was claiming the common subject matter broadly at all times and, while Steinmayer did at one time have broad claims in his case, at the time the Ramsey case was passed to issue, there were no claims broad enough to read on the Ramsey disclosure.

"Under these conditions we believe that Ramsey was justified in assuming that Steinmayer, who had at that time access to the patented parent case, patent No. 2,108,993, did not wish to contest priority on issues broad enough to read on the Ramsey patents No. 2,108,993 or 2,091,452. The Primary Examiner seems to have followed the customary practice and sent the Ramsey application to issue, assuming that if Steinmayer desired to contest priority on these broader claims, he could copy them, which he did, and in time so that this interference could run concurrently with the related interferences Nos. 76,255 and 77,377. It is not seen that Steinmayer has suffered any material injury. The chief reason for Rule 109 is to settle all differences as to common subject matter pending in this Office at one and the same time as this course will save time and expense. This end seems to have been reached by the course followed in this case. Of course, since Ramsey has a patent and the counts are taken from said patent, the party Steinmayer was precluded from moving to dissolve on the ground that the counts are unpatentable, but he must have assumed that they were else he would not have sought the interference."

It is contended by appellant in his reasons of appeal in this court that the Board of Appeals erred in the following respects: In not holding appellee estopped "to contest this interference" because of the failure of the common assignee, during the motion period, to bring into interference No. 76,255 the Ramsey application which matured into patent No. 2,144,707 (here involved) as well as the subject matter in the instant interference; in not granting appellant's timely motion to dissolve the interference for the reasons stated therein; in refusing to invoke the doctrine of estoppel against appellee for the reason that he is a patentee; in holding that appellant was not prejudiced by the declaration of the involved interference, "notwithstanding the fact that Ramsey by having issued his patent deprived the party Steinmayer of the right to contest Ramsey's right to make the counts in issue"; and in not holding that appellee was estopped to contest the instant interference in view of the fact that appellant had prevailed in the parent interference (No. 76,255) as well as in interference No. 77,377. Appellant's reason of appeal numbered 11 reads:

"In not holding that since the party Steinmayer was awarded priority as to all

of the counts in both the main Interference No. 76,255 and the ancillary Interference No. 77,377, said party Steinmayer under In re Marconi, 1912 C.D. 483, and In re Capen, 1915 C.D. 115, is entitled to all common patentable subject matter including the issue of the present interference and that Ramsey is hence estopped to contest this interference."

Appellee Ramsey moved to dismiss the instant appeal on the ground that appellant's reasons of appeal do not raise the issue of priority of invention, and that as the jurisdiction of this court is limited in interference proceedings to the issue of priority of invention and questions, ancillary thereto, the court is without jurisdiction to determine the issue of estoppel attempted to be raised by appellant's reasons of appeal.

In appellant's praecipe for transcript of record, filed in the Patent Office, appellant states: (None of the testimony or exhibits of the parties are to be included since the only issue on which an appeal has been taken is that of estoppel and the ancillary questions.) and in their brief in this court counsel for appellant state that they do not contest the Board of Appeals "interpretation of the stipulated evidence of the parties and hence did not include in the Transcript of Record herein any of the stipulated testimony or exhibits, especially since such evidence is not necessary for an adjudication of the points of error raised by this appeal."

It will be observed that appellant states in his reasons of appeal that appellee is estopped to contest the issue of priority of invention in the instant interference and that appellant is entitled to all common patentable subject matter disclosed by appellant's involved application and appellee's patent.

■ If appellee was estopped to contest the issue of priority of invention, as claimed in appellant's reasons of appeal, then, of course, the Board of Appeals erred in considering the evidence introduced by appellee and in awarding priority of invention to him. We conclude that the issue of priority of invention is raised by appellant's reasons of appeal. Accordingly, appellee's motion to dismiss the appeal is denied.

We find nothing in the decision of the Board of Appeals to indicate that the board refused, as claimed in appellant's reasons of appeal, to apply the doctrine of estoppel for the reason that appellee is a patentee.

■ Relative to the claim in the reasons of appeal that appellant was prejudiced by the issuance of the Ramsey patent in that he was deprived of the right to contest appellee's right to make the claims constituting the counts in issue, it is sufficient to say that, although appellee is a patentee, appellant had the right during the motion period to move to dissolve the involved interference on the ground that appellee could not make the claims constituting the counts in issue. Such a motion, however, would not have been considered until final hearing. Summers v. Esau, 1937 C.D. 8.

■ With regard to appellant's contention in his seventh reason of appeal that appellee was estopped to "contest this interference" because appellant had won interference No. 76,255 as well as interference No. 77,377 and was, therefore, entitled to all common patentable subject matter, it is sufficient to say that neither of those interferences had been terminated at the time appellant appealed the instant interference to this court. Accordingly, the Board of Appeals did not err in holding that appellee was not estopped by judgment to contest the involved interference. See Saunders v. Browne, 117 F.2d 547, 28 C.C.P.A., Patents, 884, 891.

It may be said at this point that in their brief filed October 14, 1942, counsel for appellee state, which statement is concurred in by counsel for appellant in a memorandum filed in this court November 25, 1942, that the Triplett application involved in interference No. 76,255 disclosed the involved invention.

Rule 109, supra, so far as pertinent to the issues here involved, reads: "Any party to an interference may bring a motion to put in interference any claims already in his application or patent which should be made the basis of interference between himself and any of the other parties. Any party to an interference may bring a motion to add or substitute any other application owned by him, as to the existing issue, or to include an application or a patent owned by him, as to claims which should be made the basis of interference between himself and any of the other parties."

■■ As hereinbefore stated, interference No. 76,255, between the applications of Steinmayer and Triplett, was declared

on September 21, 1938, and appellee's application which matured into his involved patent on January 24, 1939, was filed on July 22, 1937, and was, therefore, pending in the Patent Office at the time of the declaration of that interference and thereafter until two days prior to the expiration of the motion period—January 26, 1939. As appellee's application and the Triplett application, which was involved in interference No. 76,255, were owned by the common assignee (Schweitzer & Conrad, Inc.), the common assignee was in entire control of the prosecution of those applications and fully aware of the fact that each of those applications and appellant's application disclosed the invention defined by the counts in issue. Accordingly, had it desired to contest with appellant priority of invention of the involved subject matter, it should have inserted claims to such subject matter in the Triplett application and moved, during the motion period, in accordance with the provisions of rule 109, supra, to include such claims in that interference, or, if it preferred to contest the issue of priority of invention between the Ramsey application and appellant's application, it should have moved, during the motion period, in accordance with the provisions, of rule 109, supra, to include the Ramsey application in that interference, regardless of the fact that appellant's application did not contain claims to the involved invention. In re Walter M. Austin, 40 F.2d 756, 759, 17 C.C.P.A., Patents, 1202, 1208, 1209; In re Shimer, 69 F.2d 556, 21 C.C.P.A., Patents, 979; In re Rhodes, 80 F.2d 525, 23 C.C.P.A., Patents, 816; Saunders v. Browne, supra. Nor were the responsibilities of the common assignee under rule 109 in any way affected by the fact that claims to the involved invention, which were theretofore present in appellant's application, had been canceled prior to the declaration of interference No. 76,255, as appellant had the right to reinsert such claims in his application for interference purposes. Writer v. Kiwad, 63 F.2d 259, 264, 20 C.C.P.A., Patents, 869, 878.

It is claimed here, however, by counsel for appellee that even should it be held that the common assignee failed to comply with the provisions of rule 109, supra, estoppel does not run in favor of appellant because the Triplett application involved in the earlier declared interference (No. 76,255) disclosed the involved invention; that had appellant desired to contest with the common assignee the issue of priority of invention of the subject matter involved in the instant interference, he should have inserted claims to such subject matter in his application, and moved, in accordance with the provisions of rule 109, supra, to put those claims in interference No. 76,255; that, had he done so, the interference would have been reformed to include such claims and the common assignee would have been required to contest priority of invention of such subject matter either with the Triplett application or the Ramsey application, or thereafter be estopped from contesting priority of invention of such subject matter with either of those applications; and that as appellant failed to move in accordance with the provisions of rule 109, supra, to include claims to such subject matter in the earlier declared interference (No. 76,255), the Board of Appeals was right in denying appellant's motion to dissolve the instant interference and in awarding priority of invention to appellee.

█ Owing to the fact that the Triplett application, involved in interference No. 76,255, disclosed the involved invention, it was the duty of appellant, as well as that of the common assignee of the Triplett and Ramsey applications, if either desired to contest the issue of priority of invention of the involved subject matter, to have moved during the motion period, in accordance with the provisions of rule 109, supra, to include claims to such subject matter in that interference. Having failed to do so, each was in precisely the same situation—each was thereafter estopped from bringing into interference No. 76,255 the subject matter involved in the instant interference, and each was thereafter estopped from presenting claims to such subject matter as a basis for another interference between the same parties. Saunders v. Browne, supra, and cases therein cited. In other words, the facts of record present a typical case of "mutual estoppel" or "estoppel against estoppel." That being so, estoppel does not run in favor of either party. 31 C.J.S., Estoppel, § 65. As appellant's motion to dissolve the instant interference did not raise the issue of "mutual estoppel" or "estoppel against estoppel," it was properly denied by the tribunals of the Patent Office.

Counsel for appellee, apparently relying upon certain observations in one of the concurring opinions in the case of Saunders v. Browne, supra, state in their brief that

the court in its decision in that case overruled our decisions in the cases of In re Rhodes, supra, Avery v. Chase, 101 F.2d 205, 26 C.C.P.A., Patents, 823, and Dirkes et al. v. Eitzen, 103 F.2d 520, 26 C.C.P.A., Patents, 1198, in each of which the doctrine of estoppel was stated and applied.

The case of Dirkes et al. v. Eitzen was not cited in our decision in the case of Saunders v. Browne, supra, because it was thought that it was not particularly applicable to the issues there under consideration. The case of In re Rhodes was not cited because of an oversight. The case of Avery v. Chase was cited in support of the propositions of law therein stated to be applicable to the facts presented.

In view of the fact that counsel for appellee have misconstrued our decision in the case of Saunders v. Browne, supra, we deem it proper to say that the court had no intention of there overruling or in any way modifying any of the principles of law announced and applied in the cases referred to by counsel, nor are we able to find, after careful consideration, anything in that decision to warrant the construction placed upon it by counsel for appellee.

For the reasons herein stated, the decision of the Board of Appeals is affirmed.

Affirmed.